IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTWAUN VONTRELL LEE,

      Plaintiff,

v.                                                    CASE NO. 1:19-cv-320-AW-GRJ

CORIZON HEALTH SERVS., et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's First Amended Complaint.  ECF

No. 8.  Plaintiff, a pretrial detainee at the Alachua County Jail, is

proceeding *pro se* and *in forma pauperis* in this civil rights action under 42

U.S.C. § 1983.  The Complaint is before the undersigned for screening

pursuant to 28 U.S.C. § 1915(e).  The Court must dismiss a claim if it is "(i)

frivolous or malicious; (ii) fails to state a claim upon which relief may be

granted; or (iii) seeks monetary relief from a defendant who is immune from

such relief."  28 U.S.C. § 1915(e)(2).  For the reasons explained below, it is

respectfully **RECOMMENDED** that Plaintiff's claims against Defendant

Corizon Health Services ("Corizon") should be **DISMISSED without leave**

**to amend**.

## I.  BACKGROUND

Plaintiff initiated this case on December 12, 2019, by filing a handwritten *pro se* Complaint.  ECF Nos. 1, 1-1.  On December 16, 2019, due to several deficiencies, the undersigned ordered Plaintiff to amend his Complaint.  ECF No. 6.

Plaintiff alleges that on August 1, 2019, he learned from "Dr. Ameil" that medical officials at the Alachua County Jail were administering Plaintiff Zoloft since May 23, 2019, or July 2, 2019,[1] without his knowledge and permission.  ECF No. 8 at 6.  Plaintiff claims these actions were a "deprivation of property" that violated the Fifth and Fourteenth Amendments.  *Id.* at 8–10.  As to relief, Plaintiff is seeking compensatory damages in the amount of $300 per month for his "present and future mental health/medical health care expenses" and $15,000 to retain a private attorney, as well as an injunction requiring Defendants to "restore" his medications.  *Id.* at 5.

## II.  DISCUSSION

Plaintiff has failed to state a cognizable § 1983 claim against Defendant Corizon.  To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[1] Plaintiff does not explain this date discrepancy in the First Amended Complaint.

entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. 662 at 678.

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

To state a claim under § 1983, the plaintiff must allege two essential elements: (1) that he was deprived of a right secured by the Constitution or federal law; and (2) that the deprivation occurred under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). In *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipal entity cannot be held liable under a theory of vicarious

3

liability or *respondeat superior* for an employee or agent's violation of §
1983. The only theory under which a municipal entity can be held liable
under § 1983 is when the unlawful conduct, which caused the injuries,
constitutes an official policy or custom. *Id.* at 694. The Eleventh Circuit
has held *Monell* applies in cases "against private entities performing
functions traditionally within the exclusive prerogative of the state, such as
the provision of medical care to inmates," like Defendant Corizon. *Buckner
v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997); *see also Massey v.
Montgomery Cty. Det. Facility*, 646 F. App'x 777, 780 (11th Cir. 2016);
*Pickens v. Conway*, No. 1:18-cv-3157-TWT-JSA, 2018 WL 4266535, at *2
(N.D. Ga. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL
4255989, at *1 (Sept. 6, 2018); *Cooper v. Dep't of Corr.*, No. 3:17-cv-1316-
J-34JRK, 2017 WL 6387781, at **4–5 (M.D. Fla. Dec. 14, 2017).

Notwithstanding Plaintiff's assertion that his claims sound in the Fifth
Amendment, ECF No. 8 at 8, and in view of the requirement the Court read
Plaintiff's filings liberally, the undersigned construes Plaintiff's allegations
regarding the provision of medical services at the Alachua County Jail as a
claim of deliberate indifference under the Fourteenth Amendment. *See
Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013)
(discussing the legal standard for deliberate indifference claims raised by

pretrial detainees). In the Court's December 16, 2019, order, however, the undersigned explained to Plaintiff he must plead with factual detail that Defendant Corizon established a policy or custom that deprived him of a constitutional right to state a plausible § 1983 claim against Corizon. ECF No. 6 at 3–4. Plaintiff failed to do so in the First Amended Complaint. The allegations against Defendant Corizon are, therefore, insufficient to state a § 1983 claim and should be dismissed.[2]

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). A district court, nevertheless, may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. In view of Plaintiff's prior opportunity to file an Amended Complaint, the Court concludes that further amendment would be futile.

---

[2] *See Pickens*, 2018 WL 4266535, at *2 (recommending the dismissal of a § 1983 claim against Corizon during § 1915A screening because Plaintiff failed to allege "any policy or custom of Corizon Medical … that has deprived him of his constitutional right to minimally adequate health care"); *Coker v. Corizon Medical Servs.*, No. 5:12-cv-1028-SLB-TMP, 2013 WL 6665581, at *5 (N.D. Ala. Dec. 17, 2013) (adopting a recommendation that a plaintiff's § 1983 claim against Corizon be dismissed during § 1915A screening because the plaintiff failed to allege that Corizon maintained "a policy, practice, or custom that represents official policy that resulted in the alleged discouragement, delay, or denial of medical treatment to inmates so as to deny plaintiff his constitutional rights").

Accordingly, it is respectfully **RECOMMENDED** that the claims against Defendant Corizon Health Services in the First Amended Complaint, ECF No. 8, should be **DISMISSED without leave to amend** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 27th day of January 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**