IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTWAUN VONTRELL LEE,

    Plaintiff,

v.                                                  CASE NO. 1:19-cv-320-AW-GRJ

DR. MICHAEL AMIEL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case pursuant to 42 U.S.C. § 1983 while he was an inmate in the Alachua County Jail.[1] Plaintiff was granted leave to proceed as a pauper and is proceeding pursuant to an amended complaint, ECF No. 8 (hereafter "Complaint"). Plaintiff's claims stem from the medical care he received at the jail. This case is now before the Court on the motion to dismiss of Defendant Dr. Michael Amiel, pursuant to Fed. R. Civ. P. 12(b)(6).[2] Plaintiff has filed a response in opposition to the motion. ECF

---

[1] The Alachua County Jail online inmate locator reflects that Plaintiff is no longer confined there, but Plaintiff has not notified the Court of a change of address.
[2] Corizon Health Services also was named as a defendant, but the Court dismissed Corizon for failure to state a claim upon screening the complaint under 28 U.S.C. § 1915A. ECF No. 17.

No. 29.  For the following reasons, it is respectfully recommended that the motion to dismiss be granted.

## I. <u>Plaintiff's Allegations</u>

The factual allegations of the Complaint may be summarized as follows.  Plaintiff alleges that on August 1, 2019, around 6:00 p.m., he was called out for a visit with Dr. Amiel, a mental health provider.  The issue of Plaintiff's medication arose, and Dr. Amiel told Plaintiff that due to Plaintiff's complaints about the timing of his medication (Zoloft), it was changed from before dinner at 4:00 p.m. to after dinner, between 5:00 and 7:00 p.m.  Dr. Amiel informed Plaintiff that the change was made "around 5-23-2019 or 7-2-2019".  Plaintiff alleges that between those dates he was taking the medication "unlawfully" due to the timing of his medication being changed.  Plaintiff contends that this change amounted to a "deprivation of life" that would have prevented authorities from properly analyzing his mental health.  ECF No. 8 at 6, 8.

Plaintiff contends that after his meeting with Dr. Amiel he complained of unspecified medical issues, improper treatment, and malnutrition.  Although his allegations are somewhat difficult to construe, he appears to suggest that his problems stemmed from the change in the timing of his

medication. *Id.* at 9. He appears to suggest that the medication change somehow implicated his ability to receive a lenient sentence in his pending criminal case. *See id.* Plaintiff alleges that after his meeting with Dr. Amiel, he refused medical and mental health medications due to "fear of losing: Inmate Interaction Behavior". He was removed from general population for "behavioral purposes" and housed alone. Plaintiff contends that "without the proper cooperation of Corizon Health Services, I have missed court dates" due to unspecified health complaints. He contends that the "unlawful" dispensing of his medication deprived him of the ability to receive equal protection rights in his criminal case. *Id.* at 9-10.

For relief, Plaintiff seeks restoration of his medication "in the correct issue process"; $300 per month for future mental health and medical care; and $15,000 to pay for a private attorney. *Id.* at 8, 10.

## II. Standard of Review

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009). To survive a motion to dismiss, the complaint must "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Further, "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under § 1983, a plaintiff must allege: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Prison officials violate the Eighth Amendment (applicable to state inmates via the Fourteenth Amendment) when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the

defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010).

The seriousness of a medical need is an objective inquiry. *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (citations and internal quotation marks omitted).

Whether a defendant acted with deliberate indifference is a subjective inquiry. *Kelley*, 400 F.3d at 1284. A defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir.2008). To establish deliberate indifference, a plaintiff must allege: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans*, 626 F.3d at 564 (alteration in original) (internal quotation marks omitted). In

determining whether an individual evinced deliberate indifference, the courts have considered: (1) indifference by prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; and (3) interference with treatment once prescribed. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need" so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a

certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

## III. Discussion

Accepting the allegations of the Complaint as true, Plaintiff's allegations fail to state a claim for deliberate indifference based on Dr. Amiel's change to the timing of his medication.  Assuming that Plaintiff's mental health condition amounts to a serious medical need, he has failed to allege facts showing that Dr. Amiel's medical decisions reflected indifference to his needs, intentional denial or delay of care, or improper interference with a prescribed treatment. *See Brown*, 387 F.3d at 1351. Plaintiff's allegations reflect that the timing of his medication was changed after Plaintiff himself complained.  ECF No. 8 at 6.  Plaintiff conclusionally alleges that the medication change had some effect on his criminal case, but his allegations reflect no deficiency, let alone deliberate indifference, on the part of Dr. Amiel in determining the course of treatment. To the extent that Plaintiff claims he should have received a different diagnosis or treatment (and that is far from clear from his allegations), a disagreement with Dr. Amiel's medical judgment is insufficient to state a claim for deliberate indifference.  *Adams*, 61 F.3d at 1545 (question whether defendant should have employed additional diagnostic techniques or forms

of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)); *Waldrop*, 871 F.2d at 1033 ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") Plaintiff's allegation that he experienced unspecified medical issues following his meeting with Dr. Amiel falls far short of alleging a deliberate-indifference claim that stems from Dr. Amiel's care.

In sum, the Court agrees with Defendant that Plaintiff has wholly failed to allege a cognizable constitutional claim against Dr. Amiel.  Plaintiff does not suggest otherwise in his response in opposition to the motion to dismiss.  *See* ECF No. 29.  Plaintiff's response does not directly address any of the arguments in the motion to dismiss, nor does Plaintiff suggest that any defects in his complaint could be cured by further amendment.  Plaintiff merely states that he claims "civil liability" and asks the Court to make a "correct judgment and award Plaintiff" relief.  ECF No. 29.  The Court concludes that the complaint must be dismissed.

## IV. Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be **GRANTED**.

**IN CHAMBERS** this 15th day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**